NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC,<br><br>Respondent,<br><br>-----------------------------------------<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 439,<br><br>Intervenor. | No. 23-3628<br><br>NLRB No.<br>32-CA-309933<br><br>MEMORANDUM[*] |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 439,<br><br>Petitioner,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>Respondent. | No. 24-518<br><br>NLRB No.<br>32-CA-309933 |

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| UPS SUPPLY CHAIN SOLUTIONS, INC, | No. 24-1981 |
| Petitioner, | NLRB No. 32-CA-309933 |
| v. | |
| NATIONAL LABOR RELATIONS BOARD, | |
| Respondent. | |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted March 4, 2025
San Francisco, California

Before: WARDLAW, PAEZ, and LEE, Circuit Judges.

The National Labor Relations Board ("Board") petitions for enforcement of its January 3, 2024 unfair labor practices Order against UPS Supply Chain Solutions, Inc. ("UPS Healthcare"). In the Order, the Board concluded that UPS Healthcare had violated Section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) & (1), by refusing to recognize and bargain with the International Brotherhood of Teamsters Local 439 ("Union") beginning on December 6, 2022.[1] UPS Healthcare cross-petitions for review of the Board's

---

[1] The Board issued its original unfair labor practices Order against UPS Healthcare on August 4, 2023. UPS Healthcare filed a motion for reconsideration, which the Board granted in part and denied in part. The January 3, 2024 Order amends the original order as to the date on which UPS Healthcare's unlawful refusal to bargain commenced and otherwise adopts the findings and reasoning of the original order.

Order. The Union, as Intervenor, also petitions for review of the Board's Order as to when UPS Healthcare's refusal to bargain commenced. We have jurisdiction under 29 U.S.C. § 160(e) and (f). We grant the Board's petition for enforcement, deny UPS Healthcare's cross-petition for review, and deny the Union's petition for review except as to enforcement of the Board's Order.

We will uphold an order of the Board if it "correctly applied the law and its factual findings are supported by substantial evidence." *NLRB v. Nexstar Broad., Inc.*, 4 F.4th 801, 805-06 (9th Cir. 2021) (citation omitted).

1. Substantial evidence supports the Board's overruling of UPS Healthcare's objections to the May 11, 2022 election of the Union as the exclusive collective bargaining representative of certain unit employees. "The NLRB has broad discretion to determine the propriety of the union representation election process." *Micronesian Telecomm. Corp. v. NLRB*, 820 F.2d 1097, 1101 (9th Cir. 1987). In its Order, the Board affirmed the Regional Director's underlying decision overruling UPS Healthcare's four objections to certain conduct by several Union representatives during the election. The Regional Director, adopting the factual findings of the hearing officer, applied the Board's multi-factor balancing test to evaluate whether challenged conduct by union agents tended to interfere with employees' free choice in a representation election. *See Taylor Wharton Div. Harsco Corp.*, 3356 NLRB 157, 158 (2001).

The Regional Director properly relied on record evidence, including witness testimony and security camera footage of the parking lot at UPS Healthcare's facility, and the hearing officer's findings of fact regarding the Union representatives' conduct to conclude that none of the challenged conduct was objectionable. In doing so, the Regional Director properly relied on Board precedent holding that union activity "in areas that are not designated as no-electioneering locations, with nothing more, do[es] not constitute objectionable electioneering sufficient to set aside an election." *See Milchem, Inc.*, 170 NLRB 362, 363 (1968); *U-Haul of Nevada, Inc.*, 341 NLRB 195, 197 (2004). The Regional Director also relied on substantial evidence in the record to find that the Union representatives' brief conversations with three voters and presence in the parking lot did not constitute objectionable electioneering or voter intimidation.

The Regional Director also properly relied on the hearing officer's credibility determinations as to witness testimony in finding that the Union representatives did not shout at voters. "Because the Board hearing officer who observes the witnesses and hears their testimony is in the best position to judge witness credibility, such determinations are entitled to great deference and will not be disturbed unless a clear preponderance of all the relevant evidence convinces the court that they are incorrect." *Bell Foundry Co. v. NLRB*, 827 F.2d 1340, 1343 (9th Cir. 1987) (citing *NLRB v. Pacific Int'l Rice Mills, Inc.*, 594 F.2d 1323, 1326

23-3628

(9th Cir. 1979)).  Upon consideration of testimony from UPS Healthcare employees and the relevant security camera footage, the hearing officer and Regional Director found witnesses' assertions that the Union representatives shouted at voters lacked credibility.  As substantial evidence supports that finding, we will not disturb those credibility determinations or the Regional Director's ultimate conclusion to overrule the election objections.

2.  Accordingly, "we will not overturn a Board decision to certify a union unless the Board has abused that discretion." *Micronesian Telecomm.*, 820 F.2d at 1102 (citation omitted).  In finding that the Regional Director's decision to certify the Union after overruling UPS Healthcare's election objections was supported by substantial evidence, we conclude the Board's affirmance of that decision was not an abuse of discretion.

3.  The Board did not err in finding that UPS Healthcare's unfair labor practices commenced on December 6, 2022, when the Union was certified by the Regional Director.  The Board relied on its precedent that a "simple refusal to initiate collective-bargaining negotiations pending final Board resolution of timely filed objections to the election" is not a "*per se* violation of Section 8(a)(5) and (1)." *See Howard Plating Indus.*, 230 NLRB 178, 179 (1977).  As the Board did not find evidence that UPS Healthcare's conduct prior to the certification of the Union constituted a violation of the NLRA, its finding that the company's unfair

labor practices in refusing to bargain with the Union began on the date that the Union was certified as the collective bargaining representative does not constitute legal error.

Further, to the extent that the Union argues that UPS Healthcare engaged in bad faith refusal to bargain during the precertification period, those arguments are jurisdictionally barred because they were not previously raised before the Board. *See* 29 U.S.C. § 160(e). Accordingly, there is no basis to remand the issue of when the duty to bargain commenced to the Board.

4. The Board did not err in finding that relitigation of issues related to UPS Healthcare's election objections is unwarranted. In its Order, the Board acknowledged its general rule against relitigation in refusal to bargain cases. The Board found that the circumstances warranting an exception to its general rule against relitigation in *Sub-Zero Freezer Co.*, 271 NLRB 47 (1984), which involved threats to employees and property damage, were "materially different" from UPS Healthcare's election objections in this case. *See RadNet Mgmt., Inc. v. NLRB*, 992 F.3d 1114, 1128 (D.C. Cir. 2021). Further, the Board acknowledged that UPS Healthcare had admitted that the election objections were "fully litigated and resolved in the underlying representation hearing." UPS Healthcare presents no new facts or circumstances before this court that compel a different conclusion as to the propriety of relitigation. Thus, we conclude the Board did not err in finding

no basis for relitigation of the issues related to UPS Healthcare's election objections.

5. Finally, the Board did not abuse its discretion in severing the issue of compensatory damages from the unfair labor practices case. The Board retains "broad discretion to devise remedies that effectuate the policies of the [NLRA]." *United Nurses Assocs. of Cal. v. NLRB*, 871 F.3d 767, 777 (9th Cir. 2017). We have held that, upon severance of the remedial issue of compensatory damages, the unsevered portion of the Board's decision regarding an employer's underlying unfair labor practices still constitutes a final order. *See NLRB v. Siren Retail Corp.*, 99 F.4th 1118, 1124 (9th Cir. 2024). The Board also did not err in finding it immaterial whether the severance of the compensatory damages issue would effectively overrule *Ex-Cell-O Corp.*, 185 NLRB 107 (1970), as the unsevered portion of the Board's decision "consummates the Board's final statement on the underlying violation and is one from which legal consequences—the requirement to bargain with the Union—will flow if enforced." *Siren Retail Corp.*, 99 F.4th at 1124 (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)) (internal quotation marks and alterations omitted). We therefore affirm the Board's severance of the compensatory damages issue from its unfair labor practices Order.[2]

---

[2] The Board's Motion to Supplement the Record and Transmit Letter, Dkt. #63, is denied as moot.

The parties shall bear their own costs on appeal.

**PETITION FOR ENFORCEMENT GRANTED; CROSS-PETITION FOR REVIEW DENIED; PETITION FOR REVIEW DENIED.**